UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HERBERT WILLIAMS and
FLORIDA HYDRO, INC.,

    Plaintiffs,

v.                                                      CASE NO. 3:10-CV-00518-J-32JBT

ILLINOIS UNION INSURANCE
COMPANY,

    Defendant.
_____/

# ORDER

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Compel (1) Production of Documents Responsive to Their First Request for Production and (2) Better Answers to Their First Set of Interrogatories ("the Motion to Compel") (Doc. 12), Defendant's response in opposition to the Motion to Compel ("the Response") (Doc. 13), Plaintiffs' reply in support of the Motion to Compel ("the Reply) (Doc. 24), Defendant's sur-reply in opposition to the Motion to Compel ("the Sur-Reply") (Doc. 26), and the Notice Regarding Disputes Remaining as to Matters Raised in the Plaintiffs' Motion to Compel and as to Documents Identified on Defendant's Privilege Log ("the Notice") (Doc. 34).

While the parties have resolved some of the disputes presented in the Motion to Compel, several disputes remain. The parties dispute whether Defendant waived its attorney–client privilege and work-product doctrine objections. (*Id.*) Disputes remain as to eight document requests from Plaintiffs to Defendant (Nos. 2-6 & 10-12).[1] (*Id.*)

---

[1] Originally, the Motion to Compel presented disputes concerning ten document requests and six interrogatories. (Doc. 12.)

There are also ten specific documents, identified in Defendant's privilege log,[2] which the parties dispute whether they are protected by the attorney–client privilege and/or work-product doctrine, assuming Defendant did not waive its objections on those grounds (*id.*), but this Order will not address those. A separate order will issue addressing the Motion to Compel as to those ten documents. For the reasons stated herein, the Motion to Compel is due to be **GRANTED IN PART** and **DENIED IN PART**.

I. **Waiver of Attorney–Client Privilege and Work-Product Doctrine Objections**

Plaintiffs argue that Defendant waived its attorney–client privilege and work-product doctrine objections by failing to provide a privilege log with its responses to the subject document requests. (Doc. 12.)

Courts view waiver of a privilege as a harsh sanction. *Ritacca v. Abbott Labs.*, 203 F.R.D. 332, 335 (N.D. Ill. 2001); In re *Dep't of Justice Subpoenas to ABC*, 263 F.R.D. 66, 70-71 (D. Mass. 2009). And although Defendant should have provided Plaintiff with a privilege log by September 24, 2010, Defendant did so on December 13, 2010. (Doc. 26-1.) Moreover, Plaintiffs do not argue that Defendant's untimeliness has prejudiced them in any way. Accordingly, the Court does not find waiver justified under these circumstances. *See Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 695-96 (M.D. Fla. 2005) (finding waiver where the privilege log was not filed until *more than eight months* after the response deadline); *Burlington N.*

---

[2] As indicated in the Notice, Defendant amended its privilege log on January 4, 2011 by adding five entries. (Doc. 34.) A copy of the amended privilege log is attached to the Notice. (Doc. 34-1.)

*& Santa Fe Ry. Co. v. U.S. Dist. Court for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) (upholding district court's finding of waiver where the privilege log was filed *five months* after the response deadline).

## II. Other Issues Regarding Document Requests (Nos. 2-6 & 10-12)

The Court has reviewed all of the subject document requests, and the Court finds that all of the requests are for relevant information—information that appears "reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Additionally, the Court finds that all but one of the subject document requests is "clear, concise, and reasonably particularized." Middle District Discovery (2001) at III.A.1. Only Document Request No. 3 is overly broad, as it effectively requests every document relating to the case. *See id.*

In regard to Document Request No. 10, the Court also notes that, while the request was not appropriately limited in time, Defendant acknowledged that a much more limited span of time applied because "the policy form and endorsements at issue in this proceeding were not printed for circulation and use until June and July, 2005." (Doc. 12-3.) Therefore, the Court will order Defendant to produce documents responsive to Document Request No. 10 created on or after June 2005.

Accordingly, the Court will grant the Motion to Compel as to Document Request Nos. 2, 4 through 6, and 10 through 12, subject only to the limitation discussed above applicable to Document Request No. 10.[3] The Court will deny the Motion to Compel

---

[3] As indicated above, this Order does not address the ten specific documents,
(continued...)

3

as to Document Request No. 3.

### III. Payment of Expenses

In granting in part and denying in part a motion to compel discovery, the Court has discretion to "apportion the reasonable expenses for the motion." *See* FED. R. CIV. P. 37(a)(5)(C). In the present case, although Plaintiffs have largely prevailed, the Court finds that Defendant's objections were substantially justified. FED. R. CIV. P. 37(a)(5)(A). Accordingly, the Court finds that a reasonable apportionment of the expenses incurred in connection with the Motion to Compel is for each party to bear its own costs.

Accordingly, it is **ORDERED**:

1. The Motion to Compel (**Doc. 12**) is **GRANTED IN PART** and **DENIED IN PART**.

2. The Motion to Compel is **GRANTED** to the extent that, **on or before February 24, 2011**, Defendant shall produce all documents responsive to Document Request Nos. 2, 4 through 6, and 10 through 12, subject to the limitation discussed above applicable to Document Request No. 10, and subject to the limitation discussed in footnote 3 herein.

3. The Motion to Compel is **DENIED** as to Document Request No. 3.

---

(...continued)
identified in Defendant's privilege log, which the parties dispute whether they are protected by the attorney–client privilege and/or work-product doctrine. This Order should also not be construed as requiring Defendant to produce documents listed in its privilege log as to which there is no dispute.

4. As to the dispute regarding the ten documents from Defendant's privilege log, the Motion to Compel is **TAKEN UNDER ADVISEMENT**. A separate order will issue regarding these documents.

5. The parties shall bear their respective expenses incurred in connection with the Motion to Compel. See FED. R. CIV. P. 37(a)(5)(A), (C).

**DONE AND ORDERED** at Jacksonville, Florida, on January 25, 2011.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to: Counsel of Record